RAJIV DHARNIDHARKA (Bar No. 234756)
rajiv.dharnidharka@dlapiper.com
DEBORAH E. MCCRIMMON (Bar No. 229769)
deborah.mccrimmon@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Telephone: 415.836.2500
Facsimile: 415.836.2501

Attorneys for Plaintiff
whiteCryption Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITECRYPTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ARXAN TECHNOLOGIES, INC.,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, COPYRIGHT INFRINGEMENT, INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, & UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff whiteCryption Corporation ("Plaintiff" or "whiteCryption") alleges against Defendant Arxan Technologies, Inc. ("Defendant" or "Arxan") as follows:

**PARTIES**

1. whiteCryption is a corporation incorporated under the laws of the state of Delaware having its principal place of business at 920 Stewart Drive, Sunnyvale, California, Santa Clara County.

2. Arxan is a corporation incorporated under the laws of the state of Delaware having its principal place of business at 6903 Rockledge Drive, Suite 910, Bethesda, Maryland, Montgomery County.

**JURISDICTION AND VENUE**

3. This is a civil action seeking damages for copyright infringement under the

Copyright Act, 17 U.S.C. § 100 *et seq*. This Court has subject matter jurisdiction over this federal question pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

4. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over the claims arising under state law because those claims arise out related facts, events, transactions, and/or circumstances as those underlying the federal claims.

5. This Court has personal jurisdiction over Arxan in that, among other things, Arxan does business in the State of California, including this judicial District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because, on information and belief, a substantial part of the events occurred in this District and because Arxan does business in this District.

**INTRADISTRICT ASSIGNMENT**

7. This is an intellectual property case and, therefore, intradistrict assignment in any of the judicial divisions is appropriate pursuant to Civil Local Rule 3-2(c).

**GENERAL ALLEGATIONS**

8. whiteCryption is and has been a leading provider of software code protection, white-box cryptography solutions and data protection. whiteCryption supplies its patented technologies to the world's leading software, hardware, and content companies through a number of products and applications. In order to provide these services, whiteCryption developed proprietary, copyrighted software for its various products and applications. For the whiteCryption Sockeye SKB Source SDK system, whiteCryption developed proprietary, copyrighted software ("whiteCryption Software"). whiteCryption has since filed for and received a federal copyright for the whiteCryption Software. A true and correct copy of the copyright Certificate of Registration is attached hereto as **Exhibit A**.

9. On information and belief, Arxan provides application protection solutions, including whiteCryption's copyrighted software.

10. On or about June 2, 2011, whiteCryption and Arxan entered into the Newco Reseller Agreement ("Agreement") through which whiteCryption agreed to license to Arxan certain white-box cryptography technology, including the copyrighted whiteCryption Software.

1   In exchange for the right to license the technology, Arxan agreed to make certain royalty
2   payments to whiteCryption and agreed to other restrictions and conditions imposed by the
3   Agreement.

4      11.   The Agreement expressly states that "[Arxan] shall not use Licensed Technology,
5   Configured Technology or any Reseller Product, or permit the use of any of them, for any
6   purpose beyond the scope of the licenses granted in this Agreement. [Arxan] shall not market,
7   copy or distribute Licensed Technology, Customer-Specific Configured Technology or any
8   [Arxan] Product except in strict accordance with the terms and conditions of this Agreement."

9      12.   The Agreement provides that Arxan's license to the whiteCryption Software is
10  limited to the term of the Agreement. The term of the Agreement was expressly set forth in the
11  Agreement as two years. Accordingly, the term of the Agreement terminated on or about June 2,
12  2013, and Arxan had no right to use, distribute, copy, or receive compensation of any form
13  related to the whiteCryption Software thereafter.

14     13.   On information and belief, Arxan breached the Agreement by failing to properly
15  make royalty payments to whiteCryption.

16     14.   On information and belief, Arxan further breached the Agreement by improperly
17  extending the term of certain deals with Arxan customers beyond the expiration of the Agreement
18  and failing to account for and pay royalties due. On information and belief, Arxan entered into
19  agreements with customers for the whiteCryption Software knowing that the terms of those
20  agreements violated the Agreement. This behavior is not only a breach of the Agreement, it also
21  violates whiteCryption's copyright in the whiteCryption Software.

22     15.   On information and belief, Arxan's unauthorized use of whiteCryption's Software
23  has disrupted certain whiteCryption relationships with its current and prospective customers.

24     16.   The Agreement also contains a clause titled "Auditing Rights" which provides:

25
26
27
28
> 8.8 Auditing Rights. [whiteCryption] will have the right, at its own expense, upon reasonable prior notice, periodically to inspect and audit the records of [Arxan] and [Arxan's] Customers, as well as [Arxan's] use of the Licensed Technology, for purposes of determining their compliance with the terms and conditions of this Agreement. [Arxan] agrees to cooperate with [whiteCryption] in the performance of any such audit, and shall provide to [whiteCryption]

> such access to the relevant records, data, information, personnel and/or facilities of [Arxan] and its Customers as [whiteCryption] may reasonably request for such limited purposes. If [whiteCryption's] inspection and audit reveals that [Arxan] has underpaid [whiteCryption] with respect to any amounts due and payable during the period to which such inspection and audit relates, [Arxan] shall promptly pay such amounts as are necessary to rectify such underpayment, together with interest in accordance with Section 8.7, and further provided that if the amount of such underpayment equals or exceeds five percent (5%) of the total amounts due and payable by [Arxan] during such period, [Arxan] shall reimburse [whiteCryption] for the cost of such inspection and audit. Such inspection and auditing rights shall extend throughout the Term and for a period of two (2) years after the termination of this Agreement. (Agreement, Section 8.8)

17. In or around November 2013, whiteCryption notified Arxan that it was invoking its auditing rights and intended to audit Arxan's books and records pursuant to Section 8.8 of the Agreement. whiteCryption retained the accounting firm, Moss Adams LLP ("Moss Adams") to perform the audit.

18. On information and belief, Arxan unreasonably delayed the audit by Moss Adams and refused to provide to Moss Adams documentation requested by Moss Adams in order for Moss Adams to perform its audit of Arxan's books and records. On information and belief, based on Arxan's obstreperous conduct, Moss Adams did not complete its audit until October 2014, when it issued its Report on Royalty Examination Procedures at Arxan Technologies, Inc. ("Moss Adams Report").

19. The Moss Adams Report identified and quantified under reporting of a material nature and concluded that Arxan owed over $1,000,000 to whiteCryption, which amount exceeds five percent of the total amounts due and payable by Arxan during the relevant time period. The Moss Adams Report noted that additional amounts may be owing to whiteCryption from Arxan, but because of Arxan's refusal to provide requested documents to Moss Adams, Moss Adams was unable to reach a final determination on this issue.

20. Arxan has refused to pay the amounts identified as owing to whiteCryption in the Moss Adams Report except for net claims in the aggregate of $26,855. Arxan has also refused to pay the fees and costs incurred by Moss Adams to conduct the audit of Arxan's books and records.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

21. whiteCryption realleges paragraphs 1 through 20 as if fully set forth herein.

22. whiteCryption and Arxan entered into the Agreement as alleged above, which is a valid and enforceable agreement.

23. whiteCryption has performed all the conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement, unless excused.

24. Arxan breached the Agreement by using whiteCryption's confidential, proprietary and copyrighted information, including whiteCryption's copyrighted software code, in violation of the terms of the Agreement. Arxan also breached the Agreement by failing to properly make royalty payments to whiteCryption. Arxan likewise breached the Agreement by acting obstreperously and uncooperatively with the audit conducted by Moss Adams and by refusing to provide Moss Adams with relevant information needed by Moss Adams to complete its audit. Arxan further breached the Agreement by refusing to pay the full amounts identified as owing to whiteCryption in the Moss Adams Report and the fees and costs incurred by Moss Adams to conduct the audit. Additionally, Arxan entered into agreements with its customers that otherwise violated the express terms of the Agreement.

25. As a direct result of Arxan's breaches, whiteCryption has suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Copyright Infringement)

26. whiteCryption realleges each and every allegation set forth in Paragraphs 1 through 25 as though fully set forth herein.

27. whiteCryption is entitled to copyright protection for the whiteCryption Software under Section 104 of Title 17 of the United States Code. whiteCryption has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and all other laws governing copyright, and has applied for and received a copyright from the Register of Copyrights.

28. whiteCryption is the copyright claimant of the original copyright, assignee of the copyright owner, or the owner of exclusive rights under the Copyright Act, in the whiteCryption Software programs, including, but not limited to, the source and object code, the selection, sequence, organization and arrangement of the program, user screens, reports and text that are a part of the whiteCryption Software programs.  whiteCryption is the sole proprietor of all the rights, title and interest in and to the whiteCryption Software.

29. whiteCryption is informed and believes, and thereon alleges, that by means of actions complained of herein, Defendant has infringed and will continue to infringe whiteCryption's copyright relating to the whiteCryption Software by producing, distributing and placing into the market products or portions thereof which were derived or copied from the copyrighted work.

30. whiteCryption is informed and believes, and thereon alleges, that Arxan has infringed whiteCryption's copyrights knowingly, deliberately, and willfully, and without the knowledge or consent of whiteCryption.

31. As a direct and proximate result of Arxan's infringement of whiteCryption's copyright and exclusive rights thereunder, whiteCryption is entitled to damages and Arxan's profits for each infringement.

32. Arxan's conduct, as hereinabove averred, is causing and, unless enjoined by the Court, will continue to cause whiteCryption great and irreparable injury that cannot fully be compensated or measured with money.  whiteCryption has no adequate remedy at law. whiteCryption is entitled to a permanent injunction prohibiting further infringements of whiteCryption's copyright.

## THIRD CAUSE OF ACTION

**(Intentional Interference With Prospective Economic Advantage)**

33. whiteCryption realleges each and every allegation set forth in Paragraphs 1 through 25 as though fully set forth herein.

34. There exists and existed at all relevant times, economically advantageous relationships between whiteCryption and each of its customers and prospective customers.

whiteCryption alleges that at all relevant times, Arxan was aware of these economically advantageous relationships between whiteCryption and its customers and prospective customers. These relationships between whiteCryption and its customers and prospective customers confer an economic benefit to whiteCryption and, on information and belief, will confer an economic benefit to whiteCryption in the future.

35. On information and belief, Arxan knew about the existence of economically advantageous relationships between whiteCryption and its current and prospective customers of its products and services at the time that Arxan interfered with whiteCryption's relationship with its customers.

36. On information and belief, Arxan intended to interfere with whiteCryption's economically advantageous relationships between whiteCryption and its current and prospective customers at the time of the interference.

37. On information and belief, Arxan has engaged and continues to engage in a scheme to interfere with whiteCryption's economically advantageous relationships with its customers by improperly and illegally licensing whiteCryption's technology to whiteCryption's customers and prospective customers without authorization from whiteCryption and intentionally entering into agreements with customers with provisions it knows are prohibited by the Agreement. In so doing, through Arxan's improper and illegal conduct, whiteCryption's customers and prospective customers have been and will continue to be diverted from conducting business with whiteCryption. The actions of Arxan as set forth herein constitute wrongful, intentional interference with whiteCryption's economically advantageous relationships with its customers.

38. On information and belief, as a result of Arxan's interference, whiteCryption's relationship with at least one customer has been disrupted and whiteCryption's relationships with prospective customers have been disrupted.

39. As a proximate result of Arxan's intentional interference with whiteCryption's prospective economic advantage, whiteCryption has been damaged in an amount to be proven at trial.

DLA PIPER LLP (US)  
SAN FRANCISCO

COMPLAINT

40. whiteCryption is informed and believe, and on that basis allege, that Arxan's wrongful acts will continue to cause injury to whiteCryption and that such injury will continue unless enjoined and restrained by this Court.

41. Arxan's conduct in interfering with whiteCryption's prospective economic advantage is malicious and oppressive and constitutes despicable conduct in conscious disregard of whiteCryption's rights, and is intended to cause harm to whiteCryption. whiteCryption is therefore entitled to an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

**(Unfair Competition Under California Business & Professions Code § 17200)**

42. whiteCryption realleges each and every allegation set forth in Paragraphs 1 through 25 and 33 through 41 as though fully set forth herein.

43. California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "'unlawful, unfair or fraudulent business act or practice."

44. Arxan has engaged in unfair competition, including unlawful or unfair business practices in violation of the Unfair Competition law when it engaged in any one or more of the following:

    a. On information and belief, Arxan failed to inform its customers, including whiteCryption's customers and prospective customers, that Arxan was actually licensing whiteCryption's technology to customers subject to the terms of the Agreement, and was breaching the terms of the Agreement, which has caused harm to whiteCryption, by among other things, deceiving whiteCryption's customers and potential customers and hurting whiteCryption's goodwill and standing in the industry; and

    b. On information and belief, Arxan was unjustly enriched by deceiving customers to whiteCryption's detriment.

45. Arxan's deceptive, unfair and unlawful business practices are ongoing and are specifically designed to injure whiteCryption.

46. Arxan has acted in bad faith while engaging in these deceptive trade practices.

47. whiteCryption has been harmed by Arxan's unfair competition and deceptive trade

1  practices.  This harm will continue or can reasonably be expected to continue as long as Arxan
2  continues to deceive whiteCryption's customers and prospective customers.

3  **PRAYER FOR RELIEF**

4  WHEREFORE, whiteCryption prays for judgment in its favor against Arxan as follows:

5  1.  General and special damages according to proof, but in excess of the jurisdictional
6  minimum of this Court;

7  2.  Compensatory, exemplary and punitive damages according to proof;

8  3.  Disgorgement of profits;

9  4.  Pre-judgment and post-judgment interest;

10  5.  Costs of suit;

11  6.  A permanent injunction enjoining Arxan, and each of its respective agents,
12  servants, employees, attorneys, representatives, and all others acting on their behalf or in concert
13  with them from accessing, using, copying, publishing, disclosing, transferring, selling or
14  otherwise distributing, directly or indirectly, any of whiteCryption's copyrighted material and any
15  product incorporating or derived from all or part of whiteCryption's copyrighted material;

16  7.  An accounting of Arxan's books and records in accordance with the Agreement;
17  and

18  8.  Such other and further relief as the Court deems just and proper.

19

20  Dated:  February 18, 2015                    DLA PIPER LLP (US)

21

22                                              By:  /s/Deborah E. McCrimmon
                                                    RAJIV DHARNIDHARKA
23                                                  DEBORAH E. MCCRIMMON
                                                    Attorneys for Plaintiff
24                                                  whiteCryption Corporation

25

26

27

28

DLA PIPER LLP (US)
SAN FRANCISCO

-9-

COMPLAINT

WEST\254197555.1

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), whiteCryption hereby demands trial by jury on all issues raised in the Complaint.

Dated: February 18, 2015

DLA PIPER LLP (US)

By: /s/Deborah E. McCrimmon
RAJIV DHARNIDHARKA
DEBORAH E. MCCRIMMON
Attorneys for Plaintiff whiteCryption Corporation