UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITECRYPTION CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>ARXAN TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 15-cv-00754-WHO<br><br>**ORDER RE ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 53 |

    Arxan Technologies, Inc. filed a motion to seal portions of the Declaration of Hong-An Vu in Support of Defendant/Counterclaimant Arxan Technologies, Inc.'s Unopposed Motion to File First Amended Counterclaims. Dkt. No. 53. The motion was filed to prevent public disclosure of twenty three exhibits in their entirety containing information that whiteCryption Corporation had designated as confidential. In accordance with Civil Local Rule 79-5, whiteCryption filed a declaration from its Senior Vice President, General Counsel and Secretary, William Rainey, in support of Arxan's motion. Rainey Decl. [Dkt. No. 57].

    "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citations omitted). Therefore, courts start "with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citations omitted). A party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the compelling reasons standard." *Kamakana*, 447 F.3d at 1178 (internal quotation marks and citations omitted). "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096-97 (internal quotation

marks, citations, and modifications omitted).  An exception to this standard has been carved out for "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. at 1097.  Under this exception, a party need only satisfy the less exacting "good cause" standard. *Id*.  However, to seal records associated with a motion that is more than "tangentially related to the underlying cause of action," the motion to seal must meet the "compelling reasons" standard. *Id*. at 1101.

Civil Local Rule 79-5 allows the Court to seal documents only upon a request that establishes that the document, or portions thereof, are sealable.  Civil L. R. 79-5.  The request must be narrowly tailored to seek sealing only of sealable material and be supported by a declaration establishing compelling reasons or good cause to justify the sealing. *Id*.  Reference to a stipulation or protective order that allows a party to designate information as confidential or sealable is insufficient to establish that the information should be sealed by the Court. *Id*.

Here, I find that a motion to file an amended complaint is more than tangentially related to the underlying cause of action and therefore Arxan's motion is subject to the compelling reasons standard.  The parties made no effort to selectively identify which portions of the exhibits meet the stringent standard for concealing records from public view.  Many of the exhibits contain email chains, the contents of which for the most part are not remotely confidential.  Others contain customer, product or pricing information that may be sensitive and could be selectively redacted.  One is a strategy document (Exhibit 15) that is appropriate for sealing.

Rainey's declaration in support of the motion does not meet the compelling reasons standard.  It offers generalized, unsupported assertions of unfair advantage to competitors without explaining "how a competitor would use the information to obtain an unfair advantage." *Dunbar v. Google, Inc.*, No. 12-cv-003305-LHK, 2012 WL 6202719, at *5 (N.D. Cal. Dec. 12, 2012).  He justifies the proposed sealing of each exhibit in virtually the same way by asserting that the exhibits are of "substantial business value to whiteCryption" and that public disclosure could lead to competitors gaining an "unfair advantage by employing it to interfere with whiteCryption's existing and prospective business relationships."  Rainey Decl. ¶ 3.  These generalized rationales are "unsubstantiated by specific examples or articulated reasoning," *Beckman Indus., Inc. v. Int'l*

1  *Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992), and a review of the exhibits as a whole leads me to believe that it is unfounded with respect to many of the exhibits. The wholesale redaction of twenty three documents appears to go far beyond what is necessary to protect commercially sensitive information. Having reviewed the materials submitted, I am persuaded that a much smaller subset of narrowly tailored redactions would amply protect any compelling reasons whiteCryption has for sealing a portion of the materials.

It is the parties' responsibility to evaluate their exhibits and, only if it is necessary, to redact them in the narrowest way possible to preserve their confidential information while protecting the general right of the public to access court records. Because whiteCryption did not make an effort to narrowly tailor its sealing request, the motion to seal is DENIED WITHOUT PREJUDICE. If whiteCryption has compelling reasons to file any of material that is the subject of this motion under seal, it may file a revised declaration within seven days of the date of this Order specifically identifying the particular documents or portions thereof to be sealed, and articulating "compelling reasons supported by specific factual findings" as to each request to justify sealing. *Kamakana*, 447 F.3d at 1178.

**IT IS SO ORDERED.**

Dated: March 9, 2016



WILLIAM H. ORRICK
United States District Judge

3